UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gregory Scott Savoy,           )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civ. Action No. 13-972
                               )
United States,                 )
                               )
        Defendant.             )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's *in forma pauperis* application and will dismiss the case for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" jurisdiction is found wanting).

Plaintiff is a resident of Front Royal, Virginia, suing the United States purportedly under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Compl. at 2. An examination of the complaint's disjointed allegations reveals that plaintiff is challenging the Internal Revenue Service's garnishment of his salary to satisfy his tax bill. Plaintiff alleges that he has "sought in futility the full arrestment of a coercive action . . . initiated by the IRS [in] June 2011 and [] perpetuated into the U.S. Tax Court and then further upheld by all parties until the filing of this complaint." *Id*. The "untenable coercion" allegedly occurred when "this mentally disabled plaintiff was commanded to assemble within thirty days a full ten years of tax forms . . . ." *Id*. at 2-3. Allegedly, plaintiff's "income from the National Press Club, which [was] hard won . . . after a thirty year step-by-step climb from institutionalization," was garnished in March and June of 2011. *Id*. at 3. Plaintiff seeks monetary damages of $27,000 for lost income and a writ of

1

mandamus so that he may be "safely extracted for a short period of time from the U.S. Tax Court, the IRS Appeals Department, and the IRS Chief Counsel's Office . . . ." *Id.* at 6. Plaintiff adds that "[o]nce life health is restored, contact can begin anew." *Id.*

The United States is immune from suit absent a waiver by Congress, and such immunity is jurisdictional. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Save exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421. Hence, the Court lacks authority to consider plaintiff's claim for mandamus relief.

With regard to plaintiff's claim for damages, the United States' immunity is waived only "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code] or any regulation promulgated [thereunder]." 26 U.S.C. § 7433(a). Plaintiff does not claim that an IRS official or employee disregarded the Internal Revenue Code or the Code's regulations. Hence, the Court lacks authority to consider this claim.

Finally, the pleaded facts fail to state a claim upon which relief can be granted under the Rehabilitation Act. The Rehabilitation Act states in relevant part that "[n]o otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794; *see Taylor v. Small*, 350 F.3d 1286, 1291 (D.C. Cir. 2003) (distinguishing Rehabilitation Act claims under section 504

[§ 794] from claims under section 501 [§ 791] applicable only to federal employees).  Plaintiff mentions discrimination but he has neither alleged any acts of discrimination nor stated any facts suggesting that the IRS' garnishing of his wages was "solely" – or even probably – due to his alleged mental disability.  Even if plaintiff properly alleged facts that raised a claim for relief under the Rehabilitation Act, jurisdiction still would be wanting because plaintiff has not stated that he exhausted his administrative remedies under that Act, and "[a] failure to exhaust administrative remedies for Rehabilitation Act claims is a *jurisdictional* defect . . . ." *Mahoney v. Donovan*, 824 F. Supp. 2d 49, 58 (D.D.C. 2011) (emphasis in original) (citing *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006)).  *See Taylor*, 350 F.3d at 1292 ("doubt[ing] the district court would have had jurisdiction to entertain [a federal employee's Rehabilitation Act claim] because she failed to exhaust her administrative appeal rights") (citations omitted); *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981) (reading "the exhaustion of administrative remedies requirement of section 501 into the private remedy recognized by both section 501 and section 504 for federal government handicap discrimination").  A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: June 18th, 2013